UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | December 17, 2025 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Temporary Restraining Order ("Motion for TRO") filed by petitioner Trung Dang Mai ("Petitioner") (Docket No. 5). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.    Factual and Procedural Background**

Petitioner, who is represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") on October 14, 2025. The Petition names as respondents Mark Bowen, warden of the Adelanto Detention Center operated for United States Immigration and Customs Enforcement ("ICE"), Thomas Giles, Director of ICE's Los Angeles Field Office, Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"), and Pamela Bondi, Attorney General of the United States (collectively "Respondents"). According to the Petition, ICE detained Petitioner on September 24, 2025, and is holding him at the Adelanto Detention Center. Petitioner filed his Motion for TRO on December 1, 2025.

Petitioner's parents are from Vietnam. Petitioner was born in a refugee camp in the Philippines in 1985 and arrived in the United States as an infant in October 1985 as a lawful permanent resident. According to the Petition, Petitioner was convicted of attempted murder in 2004. On or about July 29, 2004, an Immigration Judge ordered Petitioner removed to Vietnam. Petitioner waived appeal and the order of removal became final. ICE detained Petitioner for approximately 4 months in 2004 but was unable to effectuate his removal. In their Opposition, Respondents state that Petitioner was convicted in 2007 of Possession of a Controlled Substance for Sale, in violation of section 11378 of the California Health and Safety Code and for Participation in a Criminal Street Gang, in violation of California Penal Code section 186.22(A), and sentenced to 2 years in prison. On March 19, 2025, Petitioner was arrested for Driving Under the Influence, in violation of the California Vehicle Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | December 17, 2025 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

The Petition seeks relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 16. The Petition asserts claims for: (1) violation of the Due Process Clause of the Fifth Amendment as a result of his continued detention; (2) violation of the Convention Against Torture pursuant to 8 U.S.C. § 1231, for the threatened removal to a third country; (3) unlawful detention pursuant to the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA") and its implementing regulations, and the Administrative Procedure Act ("APA") because removal is "not reasonably foreseeable" and there are no changed circumstances supporting Petitioner's detention; and (4) punitive banishment to a third country would violate the Fifth and Eighth Amendments. In his Motion for TRO, Petitioner seeks his immediate release from detention, and an injunction preventing Respondents from removing him to a third country without affording him his statutory and constitutional rights in reopened removal proceedings, and from removing him to a third country for a punitive purpose and effect.

## II.     Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | December 17, 2025 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

**III.    Analysis**

Under the INA, a noncitizen subject to a final order of removal is generally detained during a 90-day "removal period."  See 8 U.S.C. § 1231(a)(1)(A).  Detention during this period is typically mandatory.  See 8 U.S.C. § 1231(a)(2).  After that time, detention is within ICE's discretion under 8 U.S.C. § 1231(a)(6).  In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention.  Instead, the Court interpreted the statute in light of constitutional due process concerns and established a presumptive six-month limit on post-order detention.  After that period, if the noncitizen shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing.  Id. at 701, 121 S. Ct. at 2505.

Upon release from custody, a noncitizen subject to a final order of removal must comply with certain conditions of release.  See 8 U.S.C. § 1231(a)(3) & (6).  The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal.  ICE may revoke a noncitizen's release and return them to ICE custody due to failure to comply with any of the conditions of release or if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  8 U.S.C.§ 241.13(i).

Here, Petitioner does not challenge the validity of his final removal order or that 8 U.S.C. § 1231(a)(6) governs his detention.  However, Petitioner argues that he should be released from his current detention because "removal to Vietnam is not reasonably foreseeable."  In support of that argument, Petitioner relies on the length of time since he was originally ordered removed in 2004, and the fact that, historically, Vietnam has issued travel documents to very few individuals in situations such as his who immigrated to the United States before 1995.  Petitioner also asserts that he is entitled to immediate release because Respondents allegedly did not comply with some of the procedures outlined in 8 C.F.R. § 241.13(i)(3) prior to revoking Petitioner's release and detaining him, including a failure to provide him with a notice of the reasons for revocation, a prompt informal interview, and an opportunity to respond to the reasons for revocation.  Finally, Petitioner seeks an injunction preventing his removal to a third country.

Respondents, however, state that they completed and sent a travel document request for Petitioner's removal to Vietnam to its headquarters for review and submission on October 23, 2025.  Additionally, according to Respondents, diplomatic relations with Vietnam have improved in recent years and Vietnam has issued travel documents to individuals in similar situations as Petitioner.  See Huynh v. Semaia, et al., Case No. 2:24-cv-10901 MRA (DFM)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | December 17, 2025 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

(C.D. Cal. 2025) (petition by Vietnamese national asserting Zadvydas claim mooted by removal to Vietnam); Le Van Minh v. DHS, et al., Case No. 5:25-cv-02245 HDV (JDE) (C.D. Cal. 2025) (August 18, 2025 petition by Vietnamese national mooted by September 2, 2025 removal of petitioner to Vietnam); Tan Minh Vo v. DHS et al., Case No. 5:25-cv-02791 SVW (MBK) (C.D. Cal.) (petition by Vietnamese national asserting Zadvydas claim mooted by November 5, 2025 removal of petitioner to Vietnam). At least one of those petitions, Huynh, involved a pre-1995 immigrant.

In support of their Opposition, Respondents have submitted a Declaration from an ICE deportation officer. According to that Declaration, Petitioner was provided with a "Notice of Revocation of Release" on September 24, 2025, which states that "ICE has determined there is a significant likelihood of removal in the reasonably foreseeable future" and that "ICE has determined it is appropriate to enforce the removal order and remove you to Vietnam." The Notice also states that Petitioner "will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation."

Although the Court acknowledges that other District Court's have concluded otherwise, see, e.g., Lam Dat Quan v. Warden, Case No. 5:25-cv-2546 HDV (PVC) (C.D. Cal. Nov. 14, 2025) (granting preliminary injunction and ordering release of pre-1995 immigrant), the Court nevertheless concludes that on the facts before it, where Petitioner has a serious criminal record, including a recent arrest, and numerous individuals have recently been removed to Vietnam, Petitioner has not met his burden to establish a likelihood of success on the merits on his Zadvydas and related claims. Specifically, Petitioner has not met his burden to show that he will not be removed to Vietnam within the "reasonably foreseeable future" during the length of a detention that is presumptively reasonable. See Huynh, Case No. 2:24-cv-10901 MRA (DFM).

Nor do Petitioner's allegations that Respondents have not provided him with all of the procedures outlined in 8 C.F.R. § 241.13(i)(3), even if true, support Petitioner's immediate release. See, e.g., Doe v. Smith, Case No. 18-cv011363 FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) ("[E]ven assuming that the initial informal interview was not given until [approximately one month after petitioner's detention began], it is difficult to see an actionable injury stemming from such a violation. Doe is not challenging the underlying justification for the removal order (although she seeks to reopen the proceeding). Nor is this a situation where a prompt interview might have led to her immediate release—for example, a case of mistaken identity. There is thus no apparent reason why a violation of the regulation, even assuming it occurred, should result in release."). Additionally, Petitioner has only speculation that Respondents may eventually seek to remove him to a third country, but the only evidence before the Court is that ICE has determined that it will remove Petitioner to Vietnam. See Morales

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | December 17, 2025 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

Sanchez v. Bondi, Case No. 5:25-cv-2530 AB (DTB), 2025 WL 3190816, at *4 (C.D. Cal. Oct. 3, 2025) ("Even if Respondents' contention is false and they eventually do intend to remove Petitioner to a third country without advance notice, this reality has not yet materialized. Therefore, Petitioner's fear of being removed to a third country without proper notice or opportunity to respond is only speculative and not ripe for adjudication. Accordingly, Petitioner has not shown that he faces a concrete or immediate risk of removal to a third country. Therefore Petitioner has not established a likelihood of success on the merits of this claim.").

For these reasons, the Court concludes that Petitioner has failed to establish a likelihood of success on the merits on his claims to justify the injunctive relief he seeks. The Court concludes for the same reasons that Petitioner has not met his burden to establish that the balance of equities tip in his favor or that an injunction is in the public interest. Therefore, despite Petitioner's showing of irreparable harm, the Court concludes that Petitioner is not entitled to injunctive relief at this time.

## Conclusion

For all of the foregoing reasons, the Court denies Petitioner's Motion for TRO.

IT IS SO ORDERED.