# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | January 15, 2026 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a "Request to Set Hearing on Order to Show Cause Re: Preliminary Injunction" (Docket No. 13) filed by petitioner Trung Dang Mai ("Petitioner"). The Court denied Petitioner's "Motion for Temporary Restraining Order" on December 17, 2025. Now, nearly a month later, on January 12, 2026, Petitioner filed his "Request" seeking to have that Motion converted into an Order to Show Cause why a preliminary injunction should not issue, and have the hearing on the Order to Show Cause heard on January 26, 2026. Petitioner's Request relies on Local Rule 65-1, which provides:

> L.R. 65-1  Temporary Restraining Orders and Preliminary Injunctions. A party seeking a temporary restraining order ("TRO") must submit an application, a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue. <u>If the TRO is denied, the Court may set the hearing on the order to show cause without regard to the twenty-eight (28) days notice of motion requirement of L.R. 6-1</u>.

Local Rule 65-1 (emphasis added).

    As an initial matter, Petitioner's filing is procedurally improper. Specifically, Petitioner has violated the Local Rules by filing the "Request." There are no "Requests" contemplated by the Local Rules. Instead, Local Rule 6-1 states:

> Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by a written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | January 15, 2026 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

if excepted from electronic filing, either by deposit in the mail or by personal service. If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice. If served personally , or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice.

In addition to the filing of a noticed motion in compliance with the applicable Local Rules, a party may seek relief through the filing of an Ex Parte Application pursuant to Local Rule 7-19 and the Court's orders. Petitioner's "Request" does not comply with the requirements for Ex Parte Applications or noticed motions. Petitioner may not evade the requirements for noticed motions and Ex Parte Applications simply by labeling his filings as "Requests." Any future "Requests" filed by Petitioner will be summarily denied.

Additionally, on the merits, although Local Rule 65-1 provides that a Court "may" set a hearing on an order to show cause without regard to Local Rule 6-1's notice requirements for noticed motions, that authority is within the Court's discretion and Petitioner has not established good cause to shorten time in this manner. Specifically, the Court denied Petitioner's Motion for Temporary Restraining Order on December 17, 2025. Petitioner then delayed seeking to set a hearing on an order to show cause why a preliminary injunction should not issue for nearly the length of Local Rule 6-1's notice period before now seeking to have the Court set a hearing on shortened notice. Moreover, Petitioner's counsel filed the Motion for Temporary Restraining Order as a "Motion," not as an Ex Parte Application for Temporary Restraining Order. Just because the parties then filed an opposition and reply quickly does not transform that "Motion" into an Ex Parte Application. Finally, Petitioner did not seek an order to show cause why a preliminary injunction should not issue in the Motion for Temporary Restraining Order, and his proposed Order asked for no such relief. Instead, Petitioner sought his immediate release. If that relief had been granted, there would have been no need for a hearing on a preliminary injunction. There simply was no need for the Court to set a hearing on an order to show cause why a preliminary injunction should not issue, and Petitioner has identified no reason why such a hearing should be set now, let alone on shortened time.

For all of the foregoing reasons, the Court denies Petitioner's Request to have the Court set a hearing on an order to show cause why a preliminary injunction should not issue.

IT IS SO ORDERED.