UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | June 4, 2026 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("Application for TRO") filed by petitioner Trung Dang Mai ("Petitioner") (Docket No. 19). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Petitioner, who is represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") on October 14, 2025. According to the Petition, ICE detained Petitioner on September 24, 2025, and is holding him at the Adelanto Detention Center. Petitioner's parents are from Vietnam. Petitioner was born in a refugee camp in the Philippines in 1985 and arrived in the United States as an infant in October 1985 as a lawful permanent resident. According to the Petition, Petitioner was convicted of attempted murder in 2004. On or about July 29, 2004, an Immigration Judge ordered Petitioner removed to Vietnam. Petitioner waived appeal and the order of removal became final. ICE detained Petitioner for approximately 4 months in 2004 but was unable to effectuate his removal. In their Opposition, Respondents state that Petitioner was convicted in 2007 of Possession of a Controlled Substance for Sale, in violation of section 11378 of the California Health and Safety Code and for Participation in a Criminal Street Gang, in violation of California Penal Code section 186.22(A), and sentenced to 2 years in prison. On March 19, 2025, Petitioner was arrested for Driving Under the Influence, in violation of the California Vehicle Code.

In his Application for TRO, Petitioner seeks his immediate release because he has been detained for more than six months. In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention. Instead, the Court interpreted the statute in light of constitutional due process concerns and established a presumptive six-month limit on post-order detention. After that period, if the noncitizen shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. Id. at 701, 121 S. Ct. at 2505.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | June 4, 2026 |
|---|---|---|---|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met.  Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

A moving party faces an exceedingly high burden when seeking affirmative relief on an ex parte basis.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures").  Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Petitioner has not shown that he will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Petitioner filed a Status Report on April 1, 2026, in which he states that the Zadvydas six month period of presumptive reasonableness had elapsed and the Government had not provided evidence that Petitioner's removal is reasonably foreseeable.  Petitioner then waited more than two months before filing the Application for TRO.  Because of this delay, Petitioner has not shown that he "should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  Mission Power Eng'g, 883 F. Supp. at 492.

The Court additionally notes that the Application for TRO states only that Petitioner's counsel emailed the Assistant United States Attorney with the Application for TRO.  This does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-2707 PA (DSRx) | Date | June 4, 2026 |
|----------|-------------------------|------|--------------|
| Title | Trung Dang Mai v. Mark Bowen, et al. | | |

not satisfy the requirement of Local Rule 7-19.  Specifically, there is no indication that Petitioner's counsel made any effort to orally advise Respondents' counsel of the TRO Application.  Nor has Petitioner advised the Court in writing whether Respondents' counsel intends to oppose the TRO Application.  As a result, Petitioner has failed to comply with the notice requirements under Local Rule 7-19.1.

For all of the foregoing reasons, the Court denies Petitioner's Application for TRO without prejudice to it being re-filed as a noticed Motion for Preliminary Injunction.

IT IS SO ORDERED.