UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRUNG DANG MAI, | | Case No. 5:25-cv-02707-DSR |
| | Petitioner, | **ORDER DIRECTING SUPPLEMENTAL STATUS REPORT** |
| v. | | |
| MARK BOWEN, et al., | | |
| | Respondents. | **A# 027-741-943** |

Petitioner Trung Dang Mai, an immigration detainee proceeding through counsel, filed a Petition for Writ of Habeas Corpus on October 14, 2025.  Doc. No. 1.  Respondents filed an Answer on February 19, 2026.  Doc. No. 16.  Petitioner appeared to file a Reply[1] on February 20, 2026.  Doc. No. 17.

As of June 11, 2026, all Parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  Doc. No. 23.

---

[1]    Petitioner filed a document docketed as a Reply, but the document filed appears to be a copy of Respondents' Answer, indeed submitted with the file name "Gov Answer.pdf."

-1-

Petitioner's principal claim is that his continued post-removal-order detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no significant likelihood of his removal to Vietnam in the reasonably foreseeable future.  Pet. at 11–14.  The resolution of that claim turns, at least in part, on the current status of Respondents' efforts to obtain a travel document for Petitioner's removal.

The evidentiary record on that question has grown stale.  The Declaration of Deportation Officer Christopher Jenson, on which Respondents rely, was executed December 2, 2025.  Doc. No. 10-2.  It states that ICE completed and submitted a travel document request for Petitioner on October 23, 2025, and that Vietnam has in the declarant's recent experience been issuing travel documents for Vietnamese nationals, "including pre-1995 immigrants and including to children of Vietnamese citizens born abroad."  Id. ¶¶ 12–13.  Respondents' Answer, filed some three months later, reported no further development, and the record has not been supplemented since.  Whether Vietnam has acted on Petitioner's request in the intervening months bears directly on the Zadvydas analysis.  See Zadvydas, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

The Petition also asserts that Respondents failed to comply with 8 C.F.R. Section 241.13(i)(3), which requires that a noncitizen whose order of supervision is revoked be afforded "an initial informal interview promptly after his or her return to Service custody."  The Notice of Revocation of Release served on Petitioner on September 24, 2025 represented that he would "promptly be afforded an informal interview."  Doc. No. 10-1.  Nothing in the record states whether that interview occurred.

Finally, as noted above, the document filed as Petitioner's Reply appears to be an inadvertent upload of Respondents' Answer, leaving the record without any actual reply from Petitioner.

Accordingly, the Court orders supplemental briefing as set forth below.

-2-

**ORDER**

**IT IS ORDERED** that:

(1) within fourteen (14) days of the date of this Order, Respondents shall file a supplemental status report stating: (a) whether the Government of Vietnam has issued a travel document, passport, or other document authorizing Petitioner's removal, and if so, when and for what period of validity; (b) the current status of the travel document request submitted on October 23, 2025, including any communication received from the Government of Vietnam concerning Petitioner; (c) whether Petitioner has been interviewed by representatives of the Government of Vietnam, and whether he has been scheduled for any removal flight or charter; and (d) whether the informal interview required by 8 C.F.R. § 241.13(i)(3) (and promised in the September 24, 2025 Notice of Revocation of Release) was afforded to Petitioner, and if so, when;

(2) the status report shall be supported by declaration made on personal knowledge and shall attach copies of any supporting documents;

(3) within the same fourteen (14) days, Petitioner's counsel shall either (a) file a corrected Reply addressing the arguments and evidence set forth in Respondents' Answer, or (b) file a notice confirming that the document docketed at Doc. No. 17 was the Reply counsel intended to file and that no further reply is forthcoming; and

(4) Petitioner may file a response to Respondents' status report, within seven (7) days of its filing.

DATED:  August 10, 2026

_____
HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE